[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15236
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00936-JHH


MICHAEL GALLOWAY,

                                                        Plaintiff-Appellant,

versus

ALETHEIA HOUSE,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 15, 2013)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Michael Galloway, a legally blind person, appeals from the district court's grant of summary judgment in favor of Aletheia House Inc. in his action under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a).  On appeal, Galloway argues the district erred in concluding he presented no direct evidence of discrimination and that, alternatively, he established a circumstantial case of discrimination by showing he could perform the essential functions of the job.  He also asserts the district court erred in concluding he failed to show a reasonable accommodation existed.  After review, we affirm the district court.[1]

We review *de novo* a district court's grant of summary judgment, drawing all inferences and reviewing all evidence in the light most favorable to the nonmoving party.  *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005).  Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and on which it bears the burden of proof at trial.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

To establish an ADA discrimination claim, a plaintiff must show, *inter alia*, that he was a "qualified individual."  *See Collado v. United Parcel Serv., Co.*, 419

---

[1]  We may affirm a district court's judgment based on any ground that finds support in the record.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

F.3d 1143, 1152 n.5 (11th Cir. 2005).  A "qualified individual" is an individual who "can perform the essential functions" of the desired employment position "with or without reasonable accommodation."  42 U.S.C. § 12111(8).  Essential functions "'are the fundamental job duties of a position that an individual with a disability is actually required to perform,'" *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1257 (11th Cir. 2007), and "consideration shall be given to the employer's judgment as to what functions of a job are essential," *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).  An accommodation qualifies as "reasonable" only "if it enables the employee to perform the essential functions of the job."  *Holly*, 492 F.3d at 1256.

Assuming *arguendo* that Galloway presented direct evidence of discrimination, he nonetheless failed to present evidence to establish an essential element of his case: that he was a qualified individual under the ADA.  *See Collado*, 419 F.3d at 1152 n.5; *Mize*, 93 F.3d at 742.  Specifically, the district court correctly concluded Galloway was not a qualified individual because he could not perform one of the job's essential functions, driving, with or without reasonable accommodation.  *See* 42 U.S.C. § 12111(8).  The evidence below, including Aletheia House's written job description and the testimony of its chief operating officer, established that driving was an essential function of the position

3

for which Galloway applied.  Galloway created no genuine issue of material fact as to whether driving was an essential function, stating simply that he was not applying to a transportation position.  Galloway's response does not address the need to drive as part of the case manager position, and is thus insufficient to create an issue of fact.  Moreover, Galloway failed to establish any of his proposed accommodations were reasonable, as none of them would enable him to perform the essential function of driving.  *Holly*, 492 F.3d at 1256.[2]  Accordingly, we affirm the district court's order granting summary judgment in favor of Aletheia House.

    **AFFIRMED.**

---

[2]  Galloway failed to offer any substantive argument regarding the "reassignment" accommodation in his initial brief and has therefore abandoned the issue.  See *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).